No. 5919.

# MRS. MARTIN PEREZ, ET AL. vs. MRS. ALICE GUITARD, ET AL.

## Syllabus.

1. One may cumulate in one petition as many causes of action as he pleases, if they tend to the same end and be not inconsistent with each other.

2. Mere lapse of time, short of a statutory prescription, and unattended by other circumstances, will not operate to bar a right of action.

Appeal from the Civil District Court for the Parish of Orleans, Division "D," No. 102,600. Hon. Porter Parker, Judge.

George Untereiner, for plaintiff and appellant.

Fernandez & Sessler, for defendant and appellee.

His Honor, JOHN ST. PAUL, rendered the opinion and decree of the Court, as follows:

John Guitard married Sarah McGuigan, by whom he had three children, Octavia and Annie, plaintiffs herein, and Frank, whose surviving widow and minor children are cited and have appeared as defendants herein. After the death of his first wife John Guitard remarreid and had several children, all of whom are dead, one of them, Isabel, having left a surviving minor child named defendant herein, but not cited.

During his first marriage John Guitard had made a dation en paiement to his wife of certain immovable property herein involved, and after the death of his said first wife the children of said first marriage sought to partition between themselves the said immovable, as belong-

— 63 —

ing to the separate estate of said first wife. But the adjudicatee at the public sale refused to accept title setting up some alleged nullity in the **dation en paiement,** and in consequence an alleged interest in the children of the second marriage who had not been parties, the father having died meanwhile. A rule to compel the adjudicatee to comply with his bid was dismissed.

Thereafter Frank Guitard bought the property at tax sale, to-wit, in September, 1900.

In this suit (filed November, 1912), plaintiffs: 1. Confess the nullity of the **datien en paiement** and ask that it be set aside. 2. Aver the nullity of the tax sale and ask that that be set aside, and 3, ask for a partition of the property between all the children of both marriages and an accounting for the revenues.

The widow and children of Frank Guitard have filed several exceptions in substance, as follows: 1. That there is an improper attempt to cumulate several different causes of action; 2, that plaintiffs are without interest to have the **dation en paiement** set aside; 3, that plaintiffs have delayed an unreasonable time before questioning the tax sale, and 4, in this Court they plead the prescription of five and ten years.

The exception first mentioned is without merit. By the terms of the Code of Practice, Article 151, one may cumulate in one petition as many causes of action as he pleases, provided that they tend to the same end and be not inconsistent with each other. The petition in that respect is clearly not at fault. The several matters set up are perfectly consistent and all tend to the one main end, to-wit that plaintiffs' interest in the property and its revenues be recognized and that it be sold to effect a partition and settlement between them and the other co-owners.

As to the matter above secondly set up, it is a correct statement of the law, but affects only the quantum of interest which plaintiffs have in the property and does not require the dismissal of their suit. Clearly plaintiffs have no interest in setting aside the aation en paiement, nor can they confess the nullity thereof to the prejudice of the exceptors. But beyond a doubt they may, if so minded confess the nullity of that transfer to the prejudice of their own interest in the property and the advantage of the children of the second marriage.

As to the third point, it is well settled that a purchase at tax sale by one co-owner operates merely as a payment of taxes and not as a title against the other co-owners. Williams vs. Harral, 132 La., p. 1.

And it may be conceded that plaintiffs have waited quite a long time (more than twelve years) before attacking the tax sale. But Courts of Equity do not generally hold that mere lapse of time, short of a statutory prescription, and unaffected by other circumstances, will operate to bar a right of action (16 Cyc., 153). In this jurisdiction Courts are expressly forbidden to do so. (C. C., 3470.)

In Duson vs. Roos, 123 La., 836 (844), where the Court applied the doctrine of unreasonable delay, the property had meanwhile passed into the hands of innocent purchasers. Jeffrion vs. Gumble, 123 La., 391, cited in Duson vs. Roos, does not seem to be particularly in point; but be that as it may, the unreasonableness of the plaintiff's delay in that case was, that he allowed the defendant to improve the property in the belief that he was sole owner, and then sought to acquire an interest at its value before such improvement.

The prescription of ten years may or may not bar an attack by the children of the second marriage upon the

—65—

aforesaid **dation en paiement,** but that issue can be determined only when it arises; and as we have shown, it does not arise at this time.

But that prescription does not bar the action to set aside the tax sale. Operating as a mere payment of taxes, the deed was but an empty form and the situation of the parties was not changed as between themselves (132 La., 1). The only prescription available in such cases is that of thirty years, if the co-owner has possessed the property separately for that length of time. (C. C., 1305).

It is therefore ordered that the judgment herein appealed from be reversed and set aside, and it is now ordered that the exceptions herein filed be overruled, and the cause remanded to the Court a qua for further proceedings according to law.

Reversed and remanded.

Opinion and decree, December 8, 1913.

Rehearing refused, January 12, 1914.